11-2566-cv(L)
*Moreno-Cuevas v. Huntington Learning Center*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand twelve.

PRESENT:
>JOHN M. WALKER, JR.,
>DEBRA ANN LIVINGSTON,
>CHRISTOPHER F. DRONEY,
>     *Circuit Judges.*

_____

RAMON MORENO-CUEVAS,

>*Plaintiff-Appellant*,

>v.

HUNTINGTON LEARNING CENTER,
KIMBERLY CARROLL,

>*Defendants-Appellee*s.

No. 11-2566-cv(L)
No. 11-4709-cv(con)

_____

**FOR PLAINTIFF-APPELLANT:**       Ramon Moreno-Cuevas, *pro se*, Fairfield, CT.

**FOR DEFENDANTS-APPELLEES:**      Jennifer L. Schancupp, Jackson Lewis, LLP, Stamford, CT.

Appeal from the orders of the United States District Court for the District of Connecticut

(Hall, *J.*).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the orders of the district court are **AFFIRMED**.

In these consolidated appeals, Plaintiff-Appellant Ramon Moreno-Cuevas, *pro se*, appeals from two orders entered on May 26, 2011 and October 26, 2011, in which the district court denied his post-judgment motions for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At the outset, we must consider the scope of our jurisdiction. In a civil case, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant, where the United States is not a party, to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. In *Bowles v. Russell*, the United States Supreme Court made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. 205, 214 (2007). Pursuant to Fed. R. App. P. 4(a)(4)(A)(vi), however, the time to file a notice of appeal is tolled during the pendency of a post-judgment motion brought under Fed. R. Civ. P. 60, provided that the Rule 60 motion is filed within 28 days after the entry of judgment. When such a motion is filed, the time for filing a notice of appeal begins to run upon the entry of the order denying that motion. *Id*.

On appeal, Moreno-Cuevas asserts that his post-judgment motion for reconsideration, filed on Monday, April 18, 2011, was sufficient to toll the 30-day appeal period, making his June 22, 2011 notice of appeal, filed within 30 days of the district court's denial of that post-judgment motion, timely with respect to the district court's March 18, 2011 judgment. Moreno-Cuevas is incorrect. Excluding the date judgment was entered, and counting every other day, including intermediate Saturdays, Sundays, and holidays, *see* Fed. R. App. P. 26(a)(1), the last day of Rule 4(a)(4)(A)(vi)'s 28-day period for Moreno-Cuevas to file a timely Rule 60 motion, and thus toll the

2

appeal period, fell on Friday, April 15, 2011. Accordingly, because his post-judgment reconsideration motion was not filed until Monday, April 18, 2011, the 30-day appeal period was not tolled and the district court's March 18, 2011 judgment is not before us. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Nor does Moreno-Cuevas's timely appeal from the district court's October 26, 2011 order, which denied his motion for reconsideration of its September 2011 order denying his "emergency" motion to set aside the judgment, bring up for review the court's March 18, 2011 judgment. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 n.5 (2d Cir. 2008) (appeal from denial of Rule 60(b) motion filed after Fed. R. App. P. 4(a)(4)(A)(vi) tolling period "brings up for review only the order denying the motion"). Accordingly, the only two orders we have jurisdiction to consider in these consolidated appeals are those that were entered on May 26, 2011 and October 26, 2011. The defendants' motion to file a surreply addressing the merits of the district court's summary judgment decision is therefore denied as moot.

We review the denial of a Rule 60(b) motion and a reconsideration motion brought pursuant to the district court's Local Rules for an abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (Rule 60(b)); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (motion for reconsideration under Eastern District of New York's Local Rules); *see also Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (addressing Rule 60(b)(3)). "A court abuses it[s] discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Johnson*, 642 F.3d at 125. Moreover, both a Rule 60(b) motion and a motion for reconsideration are properly denied where they seek only to relitigate issues already decided. *See Shrader v. CSX*

3

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984) (dismissing as frivolous an appeal from the denial of a Rule 60(b) motion, where the appellant "continue[d] to relitigate the same issue that the district court [previously] decided").

Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). Rule 60(b)(3) allows relief from a final judgment on the ground of "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3); *see also Fleming*, 865 F.2d at 484 ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits."). A motion for reconsideration is justified only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255 (internal quotation and citation omitted).

We identify no abuse of discretion with respect to the district court's denials of Moreno-Cuevas's post-judgment motions. In its May 26, 2011 order, the court construed Moreno-Cuevas's April 2011 reconsideration motion, in which he alleged that the defendants had hacked into his computer, as one for relief from the judgment due to the misconduct of the opposing party pursuant to Rule 60(b)(3), and Moreno-Cuevas does not contest this characterization on appeal. Even assuming the defendants did hack into his computer, Moreno-Cuevas did not provide a convincing reason for why he was prevented from filing a timely motion for an extension of time.

4

In the September 2011 reconsideration motion that was the subject of the district court's October 26, 2011 order, Moreno-Cuevas argued that the district court should reconsider its September 2011 denial of his motion for emergency relief from the district court's judgment, which was based on his contention that the defendants had forged various documents.  Accordingly, to the extent his September 2011 reconsideration motion reiterated this argument relating to the forged documents, the district court properly denied the motion as an attempt to relitigate issues already decided.  *See Shrader*, 70 F.3d at 257; *Zerman*, 751 F.2d at 85.  Similarly, his argument that he was unable to present his evidence in opposition to the defendants' summary judgment motion due to the defendants' computer hacking was an attempt to relitigate issues decided by the district court in its May 26, 2011 order and thus was also properly denied.  Finally, Moreno-Cuevas did not identify any intervening change in controlling law or new evidence that would justify reconsideration.

We have considered all of Moreno-Cuevas's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM**  the orders of the district court and **DENY** the defendants' motion to file a surreply as **MOOT**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk